LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
PHONE: (907) 272-9431
FAX: (907) 279-7417

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| SANDRA ALCORN, | ) |
| Plaintiff, | ) |
| v. | ) |
| LAW OFFICES OF KRISTA L. WHITE & ASSOCIATES, P.S. and KRISTA L. WHITE, | ) |
| Defendants. | ) Case No. 3 AN-14-       CI |

## COMPLAINT FOR DAMAGES

COMES NOW Sandra Alcorn, by and through counsel Alaska Legal Services Corporation, and as her complaint against the defendants alleges and requests relief as follows:

## INTRODUCTION

1. Defendants are debt collectors and run a debt collection lawsuit mill.[1] This is an action for damages and declaratory relief. Plaintiff claims that defendants violated Alaska's Unfair Trade Practices and Consumer Protection Act (UTPA) and the federal Fair Debt Collection Practices Act (FDCPA) by engaging in deceptive and illegal debt collection practices.

---

[1] *See, e.g.*, Consumer Financial Protection Bureau, *CFPB Files Suit Against Debt Collection Lawsuit Mill* (July 14, 2104), *available at* http://www.consumerfinance.gov/newsroom/cfpb-files-suit-against-debt-collection-lawsuit-mill/.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to AS 22.10.020.

3. Venue is proper in Anchorage under Civil Rule 3.

## PARTIES

4. Plaintiff Sandra Alcorn is a resident of the Third Judicial District.

5. Defendant Law Offices of Krista L. White & Associates, P.S., is a debt collector that debt collects in hundreds and hundreds of cases in Alaska. White & Associate's main office is in Washington. White & Associates regularly engages in debt collection and is a "debt collector" as that term is defined under the FDCPA.

6. Defendant Krista L. White is an owner of a debt collection law firm. Ms. White regularly engages in debt collection and is a "debt collector" as that term is defined under the FDCPA.

## FACTS AND GENERAL ALLEGATIONS

7. Defendants allege that plaintiff owes money to Mat-Su Regional Medical Center ("Mat-Su Regional").

8. Defendants act as debt collectors for Mat-Su Regional.

9. On October 1, 2014, defendants mailed Ms. Alcorn a letter (the "PFD letter"). The top of the letter inquired "Permanent Fund Dividend?" in large, bold, underlined font. The letter informed Ms. Alcorn that she "may be eligible" for a reduction of her "current balance" and that she "may also be receiving a Permanent Fund Dividend that may satisfy [her] account."

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
PHONE: (907) 272-9431
FAX: (907) 279-7417

10. The subject heading of the letter reads as follows:

SANDRA ALCORN

Case No.: 3PA-14-2347CI
Judgment balance: $1,435.81

11. The fact is: there is no judgment issued in 3PA-14-2347CI. When defendants sent the PFD letter, there had not even been a pretrial conference in 3PA-14-2347CI.

12. Defendants knew or should have known of all of these facts when they sent out the October 1, 2014 PFD letter. Plaintiff suspects that defendants sent out hundreds of similar misleading letters to other Alaska consumers.

13. That is not the only falsehood with regard to defendants' October 1, 2014 PFD letter: the complaint in 3PA-14-2347CI alleges that Ms. Alcorn owes $1,334.28, not $1,435.81.

14. Alaska Civil Rule 26(f) requires that, unless ordered otherwise, parties to litigation **must meet** at least fourteen days before a scheduling conference to "discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, including whether an alternative dispute resolution procedure is appropriate, to make or arrange for the disclosures required by subparagraph (a)(1), and to develop a proposed discovery plan and a proposed alternative dispute resolution plan."

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
PHONE: (907) 272-9431
FAX: (907) 279-7417

EXHIBIT A

15. The district court's October 14 Notice of Pretrial Scheduling Conference states that "The meeting of parties required by Civil Rule 26(f) must be held at least 14 calendar days before" the December 8 scheduling conference.

16. On November 20, Ms. Alcorn called defendants' law office several times and attempted to schedule a meeting. She was informed that the attorney litigating her case no longer worked at the office and that another person would contact her to arrange a meeting. Defendants' law office did not return her call.

17. On November 20, Ms. Alcorn called defendants' law office and left a message proposing a meeting time and place on November 24. She waited at her proposed location, but no one from defendants' office appeared or contacted her.

18. On November 21, defendants sent Ms. Alcorn a letter (the "Meeting Letter"). The letter enclosed a pre-filled "Report of Parties' Planning Meeting" form. Defendant informed Ms. Alcorn that if the Report was "acceptable" to her, she could "please sign and return the Report of Parties Planning Meeting." In the Meeting letter, defendant tells Ms. Alcorn that she may sign and return the pre-filled Report, instead of actually meeting with defendant in accord with Civil Rule 26(f).

19. Plaintiff believes that defendants rarely if ever comply with Civil Rule 26(f) and meet with debtors. This would be too time-consuming for defendants given the volume of cases they process as a debt collection lawsuit mill. Instead, to maintain their high volume, defendants dispense with the meet and confer requirement of Civil Rule 26(f) and, instead, send Alaska consumers a pre-filled Report of Parties' Planning Meeting. This conduct subverts Alaska Rule 26(f).

EXHIBIT A

Case 3:15-cv-00004-SLG   Document 1-1   Filed 01/12/15   Page 4 of 10

4 of 10

20. Ms. Alcorn was pro se at the time that defendants sent her the PFD letter and the Meeting letter.

### COUNT I: VIOLATION OF THE FDCPA
### (15. U.S.C. § 1692e)

21. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs.

22. The PFD letter characterizes plaintiff's alleged debt as a "judgment balance," but there is no judgment against her. The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA specifically prohibits the false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). The FDCPA also specifically prohibits "The use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

23. By calling plaintiff's alleged debt a "judgment" for the alleged amount, defendants misrepresented the legal status of the debt and used this false representation to attempt to collect the debt. This violated 15 U.S.C. §§ 1692e, 1692e(2)(A), (10).

24. Plaintiff is entitled to damages and declaratory relief holding that defendants may not falsely represent that they have a judgment against an alleged debtor when they do not.

### COUNT II: VIOLATION OF THE FDCPA
### (16. U.S.C. § 1692e)

25. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs.

26. The PFD letter misrepresented the amount of plaintiff's alleged debt.

27. The FDCPA specifically prohibits the false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

28. Plaintiff is entitled to damages and declaratory relief holding that defendant may not falsely represent the amount of debt owed by an alleged debtor.

### COUNT III: VIOLATION OF THE FDCPA
### (17. U.S.C. § 1692e)

29. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs.

30. In the Meeting letter, defendants represented to plaintiff that the parties could satisfy the Rule 26(f) Planning Meeting requirement by filing the pre-filled report, even though defendants had not discussed with the plaintiff the issues listed in Rule 26(f). By doing so, defendants deceptively and falsely represented that the Rule 26(f) meeting was optional. This violated 15 U.S.C. §§ 1692e, 1692e(10).

31. Plaintiff is entitled to damages and declaratory relief holding that defendants may not misrepresent the nature of the Civil Rule 26(f) meeting requirement.

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
PHONE: (907) 272-9431
FAX: (907) 279-7417

## COUNT IV: VIOLATION OF THE UTPA

32. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs.

33. Defendant have violated AS § 45.50.471(a) by making false and deceptive representations in an to attempt to collect plaintiff's alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), (10).

34. Plaintiff is entitled to damages and declaratory relief holding that defendants may not falsely represent that they have a judgment against an alleged debtor when they do not and that defendants may not misrepresent the nature of the Civil Rule 26(f) meeting requirement.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays the Court to award the following relief:

(1) Declaratory relief as prayed for above.

(2) A judgment awarding plaintiff three times her actual damages or $500, whichever is greater, under AS 45.50.531(a);

(3) A judgment awarding plaintiff her actual damages and statutory damages under 15 U.S.C. § 1692k;

(4) An award to the plaintiff of her costs and expenses of litigation;

(5) An award to plaintiff of her full attorney's fees; and

(6) Any such other and further relief as this Court may deem just under the circumstances.

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
PHONE: (907) 272-9431
FAX: (907) 279-7417

DATED: 12/12/14            ALASKA LEGAL SERVICES CORPORATION
                           Attorneys for Plaintiffs

                           _____
                           LAURA MATTER, AK Bar No. 1309053
                           JAMES J. DAVIS, JR., AK Bar No. 9412140
                           634 S. Bailey St. Ste. 102
                           Palmer, AK  99645

**Certificate of Service**
On December 12, 2014, a true and correct copy
of the foregoing was served via 1st class mail on the following:

Law Offices of Krista L. White & Assoc.
1417 4th Ave. Ste. 300
Seattle, WA  98101

Krista L. White
Law Offices of Krista L. White & Assoc.
1417 4th Ave. Ste. 300
Seattle, WA  98101

_____

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
PHONE: (907) 272-9431
FAX: (907) 279-7417

# CASE DESCRIPTION – SUPERIOR COURT

Case Number: _____

Check the box that best describes the case. Mark **one** box only. If the caption is "In the Matter of", do **not** select Civil – Superior Court case. Use either Superior Court Miscellaneous Petition or appropriate Domestic Relations case type. For district court cases, use form CIV-125D.

### CIVIL – SUPERIOR COURT

**CONTRACT** – *Contract cases involving real property should be reported under the real property category.*
- ☐ Debt Collection (CISDEB)
- ☐ Claim Against Seller of Goods/Services (CISCLAIM)
- ☐ Employment Dispute (CISEMP)
- ☐ Other Contract (CISOCT)

**TORT**
- ☐ Intentional Tort (e.g., assault, battery, vandalism) (CISIT)
- ☐ Slander/Libel/Defamation (CISSLD)
- ☐ Product Liability (CISPL)
- ☐ Wrongful Death (CISPID)

Automobile Negligence:
- ☐ Personal Injury Only (CISPIA)
- ☐ Property Damage Only (CISPDA)
- ☐ Both (CISIDA)

Other Negligence:
- ☐ Personal Injury Only (CISPIO)
- ☐ Property Damage Only (CISPDO)
- ☐ Both (CISIDO)

**MALPRACTICE**
- ☐ Legal Malpractice (CISLMP)
- ☐ Medical Malpractice (CISMMP)
- ☐ Other Malpractice (CISOMP)

**REAL PROPERTY**
- ☐ Foreclosure (CISFOR)
- ☐ Condemnation (CISCNDM)
- ☐ Real Property Action (CISREM)

**OTHER CIVIL**
- ☐ Arbitration Proceeding (CISAP)
- ☐ Confession of Judgment (CISCCONF)
- ☐ Declaratory Judgment/Injunc. Relief (CISINJ)
- ☐ OSC Request – Admin Agency (CIOSC)
- ☐ Action to Enforce Administrative Agency Order (Incl Subpoena) (CIBW)
- ☐ Writ of Habeas Corpus (CIWHC)
- ☐ Election Contest or Recount Appeal (CISELE)
- ☐ Enforcement of Arbitration Order or Subpoena AS 09.43.070 (CIARB)
- ☒ Unfair Trade Practice (CISUTP)
- ☐ Consumer Protection (CISCP) (Clerk: mail copy of complaint/initial pleading to attorney general)
- ☐ Other Civil Complaint (CISOCI). Describe: _____

### FORCIBLE ENTRY AND DETAINER – SUPERIOR COURT
- ☐ Eviction – F.E.D. (CISFED)

### FOREIGN JUDGMENT – SUPERIOR COURT
- ☐ Registration of Foreign Judgment (CISFOJ)
  *Do not use for foreign support/custody order. See Domestic Relations category.*

### POST-CONVICTION RELIEF TO SUPERIOR COURT
- ☐ Post-Conviction Relief (CISPCR)

### DOMESTIC RELATIONS

**DIVORCE WITHOUT CHILDREN**
- ☐ Divorce Without Children (CISDIV)

**DIVORCE OR CUSTODY WITH CHILDREN**
- ☐ Petition for Custody (CISCUS)
- ☐ Divorce With Children (CISDVC)

**LEGAL SEPARATION**
- ☐ Legal Separation With Children (CICLS)
- ☐ Legal Separation Without Children (CISLS)

**DOMESTIC RELATIONS OTHER**
- ☐ Ex Parte Application for OSC for Failure to Comply with Admin Order for Genetic Testing (CIOSCP)
- ☐ Action to Modify or Enforce Administrative Child Support Order (CIPCS)
- ☐ Petition for Order re: PFD or Native Dividend (CIPND)
- ☐ Establishment of Paternity (CISPAT)
- ☐ Disestablishment of Paternity (CIDPAT)
- ☐ Foreign Custody Order (Registration, Modification or Enforcement) (DR483)
- ☐ Foreign Support Order (Registration, Modification or Enforcement) (CIUIFSA)
- ☐ Registration of Foreign Domestic Relations Order (Not Support or Custody) (CIDRFJ)
- ☐ Petition for Annulment (CIANNUL)
- ☐ Petition for Visitation (CIVIS)
- ☐ Registration of Child Custody Determination AS 25.30.430 (CIRCCD)

**EXHIBIT A**

## SUPERIOR COURT MISCELLANEOUS PETITION

☐ Entry & Inspection Warrant – AS18.60.083 (CISWRNT)
☐ Appointment of Trustee Counsel (CISTC)
☐ Other Superior Court Petition (CISPET)
   Describe: _____

### APPEAL & REVIEW MATTERS IN THE SUPERIOR COURT

#### ADMINISTRATIVE AGENCY APPEAL

☐ DMV Appeal (CIADDMV)
☐ Administrative Agency Appeal (CIADR)
☐ Employment Security Appeal (CIADRESA)

#### APPEAL FROM DISTRICT COURT
☐ Civil or Small Claims Appeal (CIACI)
☐ Criminal Merit Appeal (CIACRM)
☐ Criminal Sentence Appeal (CIACRS)
☐ Minor Offense Appeal (CIAMO)

#### PETITION FOR REVIEW OR RELIEF

☐ Petition for Review from Admin. Agency (CIPRA)
☐ Petition for Review from District Court (CIPRD)
☐ Petition for Review from Admin. Agency – AS 44.62.305 (CIPRLF)
☐ CSSD License Review Action (CICSED)

CIV-125S (CourtView version) (7/07)(cs - ht)
CASE DESCRIPTION FORM – SUPERIOR COURT

Page 2 of 2

EXHIBIT A
10 of 10

Case 3:15-cv-00004-SLG   Document 1-1   Filed 01/12/15   Page 10 of 10