Laura Matter
James J. Davis, Jr.
ALASKA LEGAL SERVICES CORPORATION
634 S. Bailey St., Ste. 102
Palmer, AK 99645
PH: 907-746-4636
Fax: 907-707-133
Laura Matter, AK Bar No. 1309053
James J. Davis, Jr., AK Bar No. 9412140
lmatter@alsc-law.org

Attorneys for Sandra Alcorn

IN THE UNITED STATES DISTRCT COURT

FOR THE STATE OF ALASKA

| | |
|---|---|
| SANDRA ALCORN,<br><br>              Plaintiff,<br><br>v.<br><br>LAW OFFICES OF KRISTA L. WHITE & ASSOC. and KRISTA L. WHITE | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:15-cv-0004-SLG<br>)<br>) |

### **STIPULATION**

Defendants Law Offices of Krista L. White & Associates, P.S., Inc. and

Krista L. White (collectively "White & Associates") and plaintiff Sandra Alcorn

("Alcorn") stipulate as follows:

1. White & Associates are currently debt collectors.

2. White & Associates sued Alcorn in Alaska State Superior Court in

Palmer, Alaska in the case entitled *Mat-Su Regional v. Sandra Alcorn*, Case No.

3PA-14-2347CI (the "Collection Action"), to collect Alcorn's alleged debt to Mat-Su Regional Medical Center.

3. In the above-captioned matter, Alcorn alleges that a letter sent by White & Associates in connection with the Collection Action misrepresented the amount and legal status of her debt, and that another letter sent by White & Associates misstated the requirements of Alaska Rule 26(f), and that in doing so White & Associates violated that Fair Debt Collection Practices Act (FDCPA) and the Alaska Unfair Trade Practices Act (UTPA). Alcorn alleged, *inter alia*, that Defendants falsely stated that they had a judgment against her when they did not. Alcorn alleges that as a result of White & Associates' alleged conduct, she missed two eight-hour shifts at her work for which she is entitled to damages.

4. White & Associates denies Alcorn's allegations.

5. Without admitting Alcorn's claims, White & Associates agree that the FDCPA and the UTPA prohibit misrepresenting the amount or legal status of an alleged debt, prohibit a debt collector from using false or deceptive means to attempt to collect a debt, and prohibit a debt collector from using unfair or deceptive acts or practices in seeking to collect a debt.

6. Without admitting Alcorn's claims, White & Associates, will:

A. Pay Alcorn $2,500 within 10 days from the date on which Alcorn executes and delivers to White & Associates' counsel the Release called for below.

B. Pay Alaska Legal Services Corporation attorney fees in the amount of $12,480 within 10 days from the date on which Alcorn executes and delivers to White & Associates' counsel the Release called for below.

C. Not tell a debtor that there is a "judgment" against him or her when no court has yet to enter a judgment.

D. Not misrepresent the amount of an alleged debt by, for example, including filing fees in prejudgment dunning letters.

E. Not attempt to collect costs and fees that are not part of the underlying debt and that have not yet been awarded as part of a judgment.

F. In actions to collect an alleged debt, make a good faith attempt to contact the opposing party and meet in accord with Alaska R. Civ. P. Rule 26(f) by calling the opposing party at his or her last known phone number, if available. The parties acknowledge that in some cases an opposing party may be unreachable or unresponsive to White & Associates' efforts. In any report filed according to Alaska R. Civ. P. Rule 26(f), White & Associates will inform the court whether it made contact with the opposing party and what efforts it took to do so.

7. Simultaneously with execution of this Stipulation, Alcorn will execute a Release prepared by White & Associates' counsel.

8. This Stipulation is a compromise and settlement for the purpose of resolving disputed claims and to avoid the expense and risks of litigation. It is not, and shall not be construed as, an admission of liability or fault by White & Associates, which specifically denies any such liability or fault. Without limiting

STIPULATION - 3 -
*Alcorn v. Krista White & Assoc. et al.*, Case No. 3:15-cv-0004-SLG
DWT 26254658v12 0095176-000016

the foregoing, neither this Stipulation nor any order or judgment on this Stipulation shall constitute an adjudication of any factual or legal issue.

9. In consideration of the foregoing, the parties stipulate to the dismissal with prejudice of all of the claims raised in the above-captioned matter. Except as expressly provided for above, each party is to bear its own attorney fees and costs.

DATED: March 25, 2015         ALASKA LEGAL SERVICES CORPORATION
                              Attorneys for Plaintiff

                              /s/Laura Matter (consent)
                              Laura Matter, AK Bar No. 1309053
                              James J. Davis, Jr., AK Bar No. 9412140

DATED: March 25, 2015         DAVIS WRIGHT TREMAINE LLP
                              Attorneys for Defendants

                              /s/Jon S. Dawson
                              Jon S. Dawson, AK Bar No. 8406022
                              Jason Hartz, AK Bar No. 1206053

**Certificate of Service**
I certify that on March 25, 2015
a true and correct copy of the above
was sent through the Court's ECF system to:

Jon S. Dawson: jondawson@dwt.com
Jason Hartz: jasonhartz@dwt.com
Laura Matter: lmatter@alsc-law.org

/s/ Jon S. Dawson
Jon S. Dawson

STIPULATION - 4 -
*Alcorn v. Krista White & Assoc. et al.*, Case No. 3:15-cv-0004-SLG
DWT 26254658v12 0095176-000016